# EXHIBIT 25

# Yale University

Connecticut (/titleix/investigations/?states=Connecticut)   Private (/titleix/investigations/?sector=private)

**2 CASES**

## Campus Context

- Sexual assault gained attention on the campus when, in October 2010, male students pledging a fraternity repeated a sexually aggressive chant ("No means yes, yes means anal") outside Yale's Women's Center. The incident was recorded, posted to YouTube, and circulated among students.

*Read more...*

| | |
|---|---|
| ❓ | Learn more about this project and campus sexual assault (/titleix/about) |

## Cases

▼  **CASE 2**   OPENED:  April 17, 2017 - Sept. 26, 2017

TAGS:   Resolved (/titleix/investigations/?status=resolved)

Administrative closure (/titleix/investigations/?tags=administrative-closure)

Multiple investigations (/titleix/investigations/?tags=multiple-investigations)

**Docket**: 01-15-2204

| From: | Kalka, Michelle |
|---|---|
| To: | Pearthree, LouAnn |
| Subject: | FW: OCR Case No. 01-15-2204 |
| Date: | Thursday, April 27, 2017 1:02:07 PM |
| Attachments: | Complaint Amended Redacted.pdf |

-----Original Message-----
From: Hendel, Caroline [mailto:caroline.hendel@yale.edu]
Sent: Thursday, April 27, 2017 3:54 PM
To: Kalka, Michelle
Subject: OCR Case No. 01-15-2204

Dear Ms. Kalka,

As promised, I am attaching a copy of the amended complaint filed on (b)(6),(b)(7)(C) in Federal District Court for the (b)(6),(b)(7)(C) by the complainant. I think you will see that the allegations in the OCR complaint, at least as the University understands them, have been filed against the University in this action in Federal Court. I look forward to hearing from you.

Sincerely,

Caroline Hendel

Caroline G. Hendel
Senior Associate General Counsel
Yale University
Office of the Vice President and General Counsel
2 Whitney Avenue, 6th Floor
New Haven, CT  06510
203-432-4949

(https://www.documentcloud.org/documents/4818830-Yale-University-01-15-2204-CF.html)

SOURCE DOCUMENTS
**Case files for Yale University investigation (https://www.documentcloud.org/documents/4818830-Yale-University-01-15-2204-CF.html)**

U.S. Department of Education    |    September 27, 2017

No preview text available.

**Press Statement**
**Yale University, OCR Complaint No. 01-15-2204**

*OCR dismisses a complaint filed under Title IX because the same allegation is currently pending before the U.S. District Court* (b)(6),(b)(7)(C)

The U.S. Department of Education, Office for Civil Rights (OCR) administratively closed a complaint filed against Yale University (University), alleging that during the (b)(6),(b)(7)(C) (b)(6),(b)(7) the University discriminated against the Complainant on the basis of sex when it subjected him to an inequitable grievance process by failing to inform him of all allegations against him, by denying him the opportunity to provide a full statement to a hearing panel, and by failing to consider all evidence he submitted prior to a decision being made in a case where he was the respondent.

On (b)(6),(b)(7)(C)  , the Complainant filed a complaint in federal court, which he later amended on (b)(6),(b)(7)(C)  OCR's review of the complaint found that the allegations filed with OCR are the same as those filed against the University with the U.S. District Court for the (b)(6),(b)(7)(C) (b)(6),(b)(7)(C)  and the case is currently pending.[1]  Pursuant to OCR's Case Processing Manual, OCR will close a complaint administratively when the same allegations filed by the complainant, against the same recipient, are currently pending with a federal court.  OCR anticipates that all of the allegations will be addressed, the remedy will be the same as the remedy that would be obtained if OCR were to find a violation of the complaint, and there will be a comparable resolution process under comparable legal standards.  It was deemed appropriate, therefore, to administratively close OCR Complaint No. 01-15-2204.

**Case Summary Information**

- On July 15, 2015, a complaint was filed against Yale University raising the issue of the University's grievance process.
- On April 17, 2017, OCR opened the complaint for investigation.
- On April 27, 2017, OCR learned that the same complaint allegation regarding his treatment under the grievance process was filed by the Complainant with the U.S. District Court for the (b)(6),(b)(7)(C)
- As of September 19, 2017, the above case was currently pending in which the Complainant alleges that Yale University violated Title IX in its handling of a case in which he was the respondent.
- OCR anticipates that the court will address all allegations in Complaint No. 01-15-2204, and any remedy obtained will be the same as the remedy that would be obtained if OCR were to find a violation, and there will be a comparable resolution process under comparable legal standards.
- OCR administratively closed the complaint pursuant to Section 110(b) of OCR's Case Processing Manual, which provides that OCR will close complaint allegations when the same allegations have been filed by the complainant against the same recipient with state or federal court.
- OCR also advised the Complainant, pursuant to Section 110(b), that he may re-file within 60 days following termination of the court proceeding if there has been no decision on the merits or settlement of the complaint allegation.  He was informed also that dismissal with prejudice is considered a decision on the merits.

---

[1] On September 18, 2017, OCR accessed PACER and found that Yale's Answer to the complainant's Second Amended Complaint is due by (b)(6),(b)(7)(C)

**(https://www.documentcloud.org/documents/4818829-Yale-University-01-15-2204-CL.html)**

SOURCE DOCUMENTS

**Closure letter for Yale University investigation (https://www.documentcloud.org/documents/4818829-Yale-University-01-15-2204-CL.html)**

U.S. Department of Education  |  September 26, 2017

Closure letter for Yale University investigation.



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS, REGION I**

**5 POST OFFICE SQUARE, 8ᵗʰ FLOOR**
**BOSTON, MASSACHUSETTS 02109-3921**

APR 17 2017

(b)(6),(b)(7)(C)

Re:    Case No. 01-15-2204
       Yale University

Dear (b)(6),(b)(7)(C)

The U.S. Department of Education, Office for Civil Rights (OCR) is opening for investigation one of your six allegations in the above-referenced complaint that you filed against Yale University (the University). In your complaint, you alleged that the University discriminated against you on the basis of sex and engaged in retaliation. Specifically, you alleged that during the (b)(6),(b)(7)(C) semester, the University discriminated against you on the basis of sex when it subjected you to an inequitable grievance process by failing to inform you of all allegations against you, by denying you the opportunity to provide a full statement to a hearing panel, and failing to consider all evidence you submitted prior to a decision being made in a case where you were the respondent (Allegation 1).

In addition, you alleged that the University discriminated against you and respondents as a class during the (b)(6),(b)(7)(C) when it refused to address your counterclaims against your accuser, and took the same action with regard to another respondent's counterclaim during the same time period (Allegation 2). You also alleged that the University discriminated against you when (b)(6),(b)(7) it subjected you to inequitable grievance processes by (b)(6),(b)(7)(C) (b)(6),(b)(7)(C) Allegation 3); and, (b)(6),(b)(7) it denied you the right to speak to an attorney and provided you an advisor not equal to the advisor provided to your accuser (Allegation 4). Further, you alleged that in (b)(6),(b)(7)(C) after you (b)(6),(b)(7)(C) the University retaliated against you by (b)(6),(b)(7)(C) (Allegation 5). Finally, you alleged that the University violated your privacy rights under the Family Educational Rights and Privacy Act (FERPA) by disclosing to another student that you were, or had been, (b)(6),(b)(7)(C) (Allegation 6).

OCR is responsible for enforcing Title IX of the Education Amendments of 1972 (Title IX), as amended, 20 U.S.C. § 1681 et seq., and its implementing regulation at 34 C.F.R. Part 106, which prohibit discrimination on the basis of sex in educational programs and activities receiving financial assistance from the U.S. Department of Education. The University is a recipient of financial assistance from the U.S. Department of Education. The regulation implementing Title

**(https://www.documentcloud.org/documents/4818828-Yale-University-01-15-2204-NL.html)**

SOURCE DOCUMENTS
**Notification letters and data request for Yale University**
**(https://www.documentcloud.org/documents/4818828-Yale-University-01-15-2204-NL.html)**

U.S. Department of Education  |  April 17, 2017

This 7-page document bundle includes letters from the Education Department to the university and complainant informing them that an investigation is being opened.

▼ **CASE 1**   OPENED:   April 1, 2011 - June 15, 2012

TAGS:   Resolved   (/titleix/investigations/?status=resolved)   Complaint   (/titleix/investigations/?tags=complaint)

Multiple investigations   (/titleix/investigations/?tags=multiple-investigations)

Resolution agreement   (/titleix/investigations/?tags=resolution-agreement)

**Docket**: 01-11-2027



**UNITED STATES DEPARTMENT OF EDUCATION**
**OFFICE FOR CIVIL RIGHTS, REGION I**

5 POST OFFICE SQUARE, 8TH FLOOR
BOSTON, MASSACHUSETTS 02109-3921

June 15, 2012

Ms. Dorothy K. Robinson
Vice President and General Counsel
Yale University
2 Whitney Ave
P.O. Box 208255
New Haven, Connecticut 06520-8255

Re:    Complaint No. 01-11-2027

Dear Attorney Robinson:

This letter is to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is closing the investigative phase of the above-referenced complaint filed against Yale University (University). As stated in our letter to the University dated April 1, 2011, the complaint alleged that a sexually hostile environment existed on campus at the University, to which the University had not responded in a prompt and equitable manner. The complaint specifically referenced an October 2010 incident and further alleged an on-going pattern of sexual harassment. The complaint also alleged that the University did not have a Title IX Coordinator and had an inadequate grievance process for addressing complaints of sex discrimination.

OCR accepted and investigated this complaint pursuant to its authority under Title IX of the Education Amendments of 1972, 20 U.S.C. Section 1681, and its implementing regulation at 34 C.F.R. Part 106 (Title IX), which prohibit discrimination on the basis of sex. The University is subject to the requirements of Title IX because it is a recipient of Federal financial assistance from the U.S. Department of Education.

Based on the allegations presented, OCR initiated an investigation of the following legal issues:

1) Whether the University failed to properly designate one or more employees to coordinate its efforts to comply with Title IX and its implementing regulation; and whether the University failed to notify students, employees, and interested parties of such a designation, in violation of 34 C.F.R. Section 106.8(a);

2) Whether the University failed to adopt and publish grievance procedures that provide for a prompt and equitable resolution of complaints of sex discrimination, in violation of 34 C.F.R. Section 106.8(b); and

3) Whether the University allowed a sexually hostile environment to be created on campus, by not responding promptly, effectively and equitably to notice of sexual harassment, in violation of 34 C.F.R. Sections 106.31(a) and (b).

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

**(https://www.documentcloud.org/documents/2644753-OCR-Letter-to-Yale-Closing-Investigation.html)**

LETTER OF FINDINGS
**Yale University Letter of Findings (https://www.documentcloud.org/documents/2644753-OCR-Letter-to-Yale-Closing-Investigation.html)**

U.S. Department of Education  |  June 15, 2012

Dear Attorney Robinson: This letter is to inform you that the U.S. Department of Education's Office for Civil Rights (OCR) is closing the investigative phase of the above-referenced complaint filed against Yale University (University).

**Voluntary Resolution Agreement**
**Yale University (University)**
**Complaint No. 01-11-2027**

The U.S. Department of Education, Office for Civil Rights (OCR), initiated an investigation of the above-referenced complaint under Title IX of the Education Amendments of 1972 and its implementing regulation at 34 C.F.R. Part 106 (Title IX). Prior to and during the course of the investigation, the University implemented a number of policies, procedures and practices to improve its response to sexual misconduct complaints, ensure compliance with Title IX and its implementing regulation and to resolve the issues of the complaint. OCR has not made a finding of noncompliance and this Resolution Agreement has been entered into voluntarily by the University and does not constitute an admission that the University is not in compliance with Title IX and/or its implementing regulation. Accordingly, the University voluntarily agrees to the following to assure that it has an environment and culture in which all students feel safe and well supported, and that it responds promptly and effectively to incidents of sexual harassment and violence (hereinafter referred to as sexual misconduct), in a manner designed to remedy the effects of such misconduct if should occur, and prevent recurrence, consistent with the requirements of Title IX:

### A. Title IX Coordinator

1. The University has designated a University-wide Title IX Coordinator (the University Title IX Coordinator) and deputy coordinators to ensure compliance with Title IX.

2. The University has widely published in print and on-line, and will continue to do on an annual basis, the name, email, and telephone contact information, and duties of the University Title IX Coordinator and deputy coordinators.

3. The University Title IX Coordinator's responsibilities include the following:

   a. Ensuring coordination with the deputy coordinators and appropriate student services offices on campus (e.g. housing, Residential College Deans and Masters who are responsible for housing and academic matters, health, counseling services, and the Yale Police Department [YPD]). The coordination is for such purposes as tracking trends on campus and addressing any patterns or systemic problems; assessing the overall efficacy of the coordination among these various services; and soliciting feedback on the efficacy of the overall response to sexual misconduct.
   b. Providing information to individuals regarding their Title IX rights, the University's formal and informal grievance processes, the availability of interim measures during an investigation of a grievance, and the ability to file a complaint with YPD.
   c. Conducting a semiannual review of all formal and informal Title IX complaints brought to the University Title IX Coordinator and deputy Title IX coordinators, before the University-Wide Committee on Sexual

**(https://www.documentcloud.org/documents/2644754-Yale-Voluntary-Resolution-Agreement.html)**

RESOLUTION AGREEMENT

**Yale University Resolution Agreement (https://www.documentcloud.org/documents/2644754-Yale-Voluntary-Resolution-Agreement.html)**

U.S. Department of Education  |  June 15, 2012

The U.S. Department of Education, Office for Civil Rights (OCR), initiated an investigation of the above-referenced complaint under Title IX of the Education Amendments of 1972 and its implementing regulation at 34 C.F.R. Part 106 (Title IX). Prio...

- In March 2011, a group of 16 Yale students and alumni filed a federal Title IX complaint against the university, alleging that it had failed to eliminate a sexually hostile environment. In addition to a public

chant by a fraternity ("No means yes, yes means anal") outside Yale's Women's Center, the complaint cited (http://yaleherald.com/uncategorized/title-ix-complaint-press-release/) other incidents such as a "preseason scouting report" in which a group of male students ranked freshman women in order of how many beers it would take to have sex with them. The university, the students argued, had responded inadequately "to a long trend of public sexual harassment," as well as to several individual reports of sexual harassment and assault.

- The investigation has been resolved, with the Education Department not finding (http://www.ed.gov/news/press-releases/us-department-education-announces-resolution-yale-university-civil-rights-investigation) Yale in violation of Title IX, but criticizing (http://chronicle.com/article/Education-Dept-Praises-Yale/132335) some of its previous policies and saying that students had reported "a chain of incidents to which the university did not effectively respond." At the same time, federal officials praised the university for "proactively" introducing numerous new policies and procedures to try to achieve a safer, more supportive environment for students.

- Under the settlement, Yale agreed, among other things, to continue to improve and publicize efforts to prevent and respond to sexual harassment and violence, implement its new grievance process, and train students and employees. It marked the first major settlement after the Education Department's letter to colleges in 2011 signaling stricter enforcement of Title IX, but the cooperative tone turned tougher (http://chronicle.com/article/As-Federal-Investigations-of/233698) in subsequent investigations.

- One of the complainants, dissatisfied (https://yalealumnimagazine.com/blog_posts/1517) with the outcome of the investigation, helped organize a rally (http://chronicle.com/article/Protesters-Call-for-Stricter/140375) at the Education Department in 2013 to demand tighter enforcement of Title IX, with stricter sanctions when institutions fail to support victims of sexual assault. "This pattern of letting schools off the hook is all too common," she said, joining hundreds of students and activists nationwide in a movement (http://chronicle.com/article/Quiet-No-Longer-Rape/141049) to force colleges to change how they handle reports of rape.

PAID FOR AND CREATED BY JAMS

**Providing fairness and neutrality for campus sexual-assault cases**

(https://www.chronicle.com/paid-article/Providing-fairness-and/244)

## In the news